1  MELISSA M. HARNETT (Bar No. 164309; mharnett@wccelaw.com)
   ROBERT L. ESENSTEN (Bar No. 65728; resensten@wccelaw.com)
2  GREGORY B. SCARLETT (Bar No. 131486; gscarlett@wccelaw.com)
   **WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.**
3  5567 Reseda Boulevard, Suite 330
   Post Office Box 7033
4  Tarzana, California 91357-7033
   Telephone: (818) 705-6800 • (323) 872-0995
5  Facsimile:  (818) 345-0162

6  JEFFREY F. KELLER (Bar No. 148005; jfkeller@kellergrover.com)
   KATHLEEN R. SCANLAN (Bar No. 197529; kscanlan@kellergrover.com)
7  **KELLER GROVER LLP**
   1965 Market Street
8  San Francisco, CA  94103
   Telephone:  (415) 543-1305
9  Facsimile:  (415) 543-7861

10 Attorneys for ALBERT ALATORRE AND
   ON BEHALF OF ALL OTHERS
11 SIMILARLY SITUATED

12                **UNITED STATES DISTRICT COURT**

13               **NORTHERN DISTRICT OF CALIFORNIA**

14

15 | ALBERT ALATORRE, an individual, and or Behalf | CASE NO. 3:11-CV-04318 JCS |
16 | of all Others Similarly Situated, | |
   | | **PUTATIVE CLASS ACTION** |
17 | Plaintiffs, | |
   | | **STIPULATED CONFIDENTIALITY** |
18 | vs. | **AGREEMENT AND** |
   | | **[PROPOSED] PROTECTIVE ORDER** |
19 | 24 HOUR FITNESS USA, INC., | |
20 | Defendant. | |
21

22

23

24

25

26

27

28

1

2       Upon agreement of the parties to the above captioned litigation (the "Action") as to this

3  Stipulated Confidentiality Agreement ("Confidentiality Agreement") and Protective Order, it is

4  hereby stipulated and agreed as follows:

5       1.     This Confidentiality Agreement governs the use and handling of information and

6  documents, including all copies and excerpts thereof, produced, filed, served or given (collectively,

7  the "Discovery Material") by or on behalf of the defendants, the plaintiff, and any other individual or

8  entity, including non-parties (each, a "Producing Party") in this Action.  Discovery Material may

9  include, but is not limited to:  deposition exhibits, if depositions occur in the case; testimony and

10 transcripts; answers to interrogatories; documents and tangible things produced by a party or person;

11 and responses to requests for admission.  Because such production may involve the disclosure of

12 business or personal information the dissemination of which would harm a party or its competitive

13 standing, this Confidentiality Agreement permits such information to be specifically designated as

14 "Confidential" in the manner set forth below.

15      2.     All Discovery Material produced or exchanged in this Action (a) shall be disclosed

16 only to such persons and in such manner as set forth in this Confidentiality Agreement; (b) may be

17 used only for purposes of this Action; and (c) shall not be used for any other purposes, including,

18 without limitation, any business or commercial purpose.   The prohibitions contained in this

19 Confidentiality Agreement on the use of Confidential Information shall survive the termination of

20 the Action.

21      3.     For purposes of this Confidentiality Agreement, the Producing Party may designate

22 the following as Confidential Information: all non-public information or matter that the Producing

23 Party has not publicly disclosed, including but not limited to: financial or business plans or

24 projections; acquisition offers or expressions of interest; proposed strategic transactions or other

25 business combinations; trade secrets; proprietary technical information and specifications;

26 confidential commercial information; compensation plans; business and marketing information,

27 plans, and strategies; customer information, contracts, contact information, profiles or access

28 records; pricing information; data related to club amenities; tax information; research, studies or

analyses by internal or outside experts; financial data or results; tax data; assets and liabilities; competitive analyses; personnel lists; personal financial information; contracts and agreements; information relating to property or real estate; any other commercially or personally sensitive or proprietary information; or documents or information that a party reasonably believes would breach an express or implied agreement with any third party to maintain such information in confidence or would violate an independent obligation of confidentiality. Except for documents or information disclosed wrongfully or in violation of any non-disclosure obligation, the term "Confidential Information" shall not apply to any document or information to the extent that such document or information has been previously disclosed publicly or is otherwise available to the public from any source, whether or not it bears a "CONFIDENTIAL" label.

4.     This Confidentiality Agreement does not eliminate and shall not prejudice any existing agreement between the parties regarding the confidentiality of information.

5.     If a Party has within its possession, custody or control, any document, material, item, thing, or information of a third party which is responsive to a discovery request but also subject to a non-disclosure or confidentiality agreement between that party (the "Possessing Party") and a third party, the Possessing Party shall disclose to the party making the request (the "Requesting Party") that it is in possession of the requested material, but shall not be required to provide the Requesting Party with said material until and unless arrangements have been made with the third party to protect and maintain the confidentiality of said material. The Possessing Party shall assist in good faith to make such arrangements.

6.     When producing Discovery Matter for inspection, no marking as to confidentiality need be made by the Producing Party in advance of the inspection, and all inspected materials shall be deemed Confidential until the time copies are delivered to the Requesting Party and not designated as "Confidential" in the manner specified above.

7.     At or before the time when custody of Discovery Material is given to the Requesting Party, the party producing Discovery Material (the "Producing Party") shall designate (in whole or in part) all Discovery Material that contains Confidential Information as "Confidential," by marking such materials as "CONFIDENTIAL" as follows:

a)   Documents or other tangible Discovery Material shall, at the time of their production, be so designated by stamping or labeling the same with the legend "CONFIDENTIAL" on each page containing any Confidential Information, except in the case of multi-page documents bound together by staples or other permanent binding, the words "CONFIDENTIAL" need be stamped only on the first page of the document in order for the entire document to be treated as having been designated "Confidential."

b)   Documents or other tangible Discovery Material produced by a non-party to the Action shall be so designated by the Designating Party providing written notice, as soon as reasonably practicable, to counsel of record for the Parties (and to counsel of record, if any, for the non-party who produced such Documents or other tangible Discovery Material) of the Bates numbers or number range or other sufficiently definite description of the documents to be designated as "Confidential."   Counsel shall not permit documents or materials produced by a non-party to be distributed to persons beyond those specified in paragraphs 13, 14 and 15 below until they have been designated in accordance with this paragraph.

c)   Confidential information produced in electronic form shall be designated as "Confidential" by marking the media on which such data is produced as "CONFIDENTIAL" which designation shall relate to any data contained on that media.

d)   Deposition testimony, if depositions occur in the case, shall be designated "Confidential" (i) at the taking of the deposition by a statement on the record, by counsel at the time of such disclosure, or at the request of any party or deponent or their counsel; or (ii) by written notice sent to counsel of record for all Parties within ten (10) business days after receiving a copy of the transcript thereof, identifying the specific pages thereof designated as "CONFIDENTIAL."   In both of the foregoing instances, counsel for the

Designating Party shall direct that the legend "CONFIDENTIAL" be affixed to the portions of the original and all copies of the transcript containing any Confidential Information.   Any portion of a transcript not designated "CONFIDENTIAL" on the record prior to or during the course of a deposition shall be treated as "Confidential" until ten (10) business days after receipt of the transcript by the Producing Party, or until the Producing Party provides a written designation of the portions to be treated as Confidential, whichever is earlier.  After that ten (10) day period has expired, only that testimony that has been designated as provided herein shall be deemed "Confidential."

8.    Any non-party to this Action may designate any Discovery Material taken from it, whether pursuant to subpoena or by agreement, as "Confidential" pursuant to the terms of this Confidentiality Agreement, upon such non-party's written agreement to be subject to and governed by the terms hereof, and such Discovery Material shall thereafter be handled in accordance with the requirements of this Confidentiality Agreement.  A non-party shall designate any Discovery Material as "Confidential" in a manner consistent with the procedures described in paragraph 7.

9.    The plaintiff in this matter seeks to represent a class of other plaintiffs who he argues are similarly situated ("Potential Absent Class Members").  In order to allow plaintiff's counsel to review the administration of class notice, provision of class benefits, and other class administration issues, plaintiff's counsel may request, and the defendant may produce, identifying information of Potential Absent Class Members (including, but not limited to, name, address, member number, contract number, phone number, and e-mail address) that is reasonably necessary for class administration.    This information may be produced to plaintiff's counsel and the settlement administrator selected to administer a settlement, if any, in this Action.  To further settlement of this matter and the administration of any settlement, Defendant may produce this information to plaintiff's counsel before such time the Court appoints plaintiff's counsel as class counsel for the Potential Absent Class Members or certifies a class.  Such information shall be subject to the confidentiality provisions of this order, and shall be treated as Confidential Information pursuant to this order if the defendant so designates that information.

10. Inadvertent failure to designate Discovery Material as Confidential shall not constitute a waiver of such claim and may be corrected by prompt supplemental written notice designating such Discovery Material as "CONFIDENTIAL" in a manner consistent with paragraph 7. The Requesting Party shall thereafter mark and treat materials so designated as "CONFIDENTIAL" and such materials shall be fully subject to this Confidentiality Agreement as if they had been initially so designated. A person disclosing Discovery Material that is subsequently designated as "CONFIDENTIAL" shall in good faith assist the Producing Party in retrieving such Discovery Material from all recipients not entitled to receive such Discovery Material under the terms of this Confidentiality Agreement and prevent further disclosures except as authorized under the terms of this Confidentiality Agreement. If any Discovery Material that was inadvertently not designated as "CONFIDENTIAL" at the time of the later designation, has already been filed with a court on the public record, the party or person that initially failed to make such designation shall move for appropriate relief.

11. Inadvertent production of any Discovery Material which a Producing Party later claims in good faith should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged Discovery Material"), will not be deemed to have waived any privilege. A Producing Party may request the return of any Inadvertently Produced Privileged Discovery Material. A request for the return of Inadvertently Produced Privileged Discovery Material shall identify the Discovery Material inadvertently produced and the basis for withholding such Discovery Material from production. If a Producing Party requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Discovery Material then in the custody of another party, such Discovery Material (and all copies thereof) shall be returned to the requesting Producing Party within fourteen (14) calendar days. The party returning such Discovery Material may then move the Court for an order compelling production of the material, but said party shall not assert as a ground for entering such an order the fact or circumstance of inadvertent production.

12. Any party may object to the designation of any Discovery Material as "Confidential" that it seeks to file with the court in this Action or to use in a public court proceeding in this Action

1   by giving written notice to the Producing Party that it objects to the designation.  If the Producing

2   Party does not agree with the proposed designation, then the parties shall confer in a good faith effort

3   to resolve the dispute.  If the parties are unable to resolve the dispute after a period of conferring for

4   fourteen (14) calendar days after the objection, and the Producing Party wishes to maintain its

5   designation, the party objecting to the designation ("Objecting Party") is obligated to file a motion,

6   within fourteen (14) calendar days thereafter, requesting the Court to confirm or reject, whichever

7   applicable, the "Confidential" status of the Discovery Material.  The time periods set forth in this

8   paragraph may be extended upon written agreement of the Producing Party and the Objecting Party.

9   The Producing Party shall bear the burden as to maintaining the confidential designation.  Until the

10  Court rules on the motion, the documents shall be treated as "Confidential" as originally designated.

11      13.     Unless otherwise ordered by a court, administrative agency or a similar governmental

12  or regulatory body of competent jurisdiction, Discovery Material marked "Confidential" shall not be

13  disclosed or distributed to any person or entity other than the following, provided that the persons

14  named in subparagraphs c, d, and i have signed a copy of the Agreement to Abide by Confidentiality

15  Agreement attached hereto as Exhibit A and delivered a signed copy to counsel for the Producing

16  Party:

17          a)      the named parties in this Action; their officers, directors, partners, and

18                  employees to whom disclosure is reasonably necessary for the conduct of this

19                  Action;

20          b)      attorneys engaged in the conduct of this Action on behalf of named parties

21                  (including in-house counsel) and, to the extent reasonably necessary to render

22                  professional services in this Action, their paralegals, clerical assistants and

23                  other assistants assigned to this Action;

24          c)      as to any document, its author, its addressee(s), and any other person indicated

25                  on the face of the document as having received a copy;

26          d)      persons designated in good faith by any named party or their counsel for the

27                  purpose of acting as deponents, if depositions occur in the case, or witnesses

28                  in this Action and to counsel for such deponents and witnesses, but only to the

extent reasonably necessary to prepare or examine such deponents or witnesses and, at the request of the Producing Party, the exclusion from the room of non-necessary parties to the deposition;

e)   persons retained by a party or outside counsel to serve as expert witnesses or consultants to provide advice to counsel in connection with this Action, but only to the extent reasonably necessary for such person to render professional services in this Action and in accordance with the restrictions set forth in paragraph 14;

f)   court reporters, videographers and stenographers engaged to transcribe depositions, if depositions occur in the case, conducted in this Action, but only to the extent reasonably necessary for such person to render such services in this Action;

g)   any special masters or mediators appointed by the Court, and their direct staff;

h)   any person designated by the Court upon such terms as the Court may deem proper; and

i)   any other person agreed to in writing by the parties.

14.   Confidential Information may be disclosed to experts and consultants retained for this matter pursuant to the terms of this Confidentiality Agreement, provided that: (a) in advance of the receipt of any Confidential Information, the expert or consultant (including any member of the expert or consultant's support staff that will receive any Confidential Information) signs a copy of the Agreement to Abide by Confidentiality Agreement attached hereto as Exhibit A and delivers the signed copy to the counsel who is providing the Confidential Information for the expert's or consultant's review and use; (b) said counsel shall keep the executed copies of the Agreement to Abide by Confidentiality Agreement; and (c) counsel shall produce to counsel for the other parties copies of executed Agreements to Abide by Confidentiality Agreement for any testifying experts at the time expert reports are exchanged and shall produce copies of any executed Agreements to Abide by Confidentiality Agreement from non-testifying or consulting experts by stipulation with the other parties or at the order of the Court for good cause shown.

15.    Any Confidential Information may be disclosed to vendors or persons requested by counsel to furnish services such as exhibit preparation, photocopying, document coding or management, image scanning, jury consulting, or the creation of any computer database from documents containing Confidential Information, but only to the extent reasonably necessary to render such services and provided that (a) a vendor representative sign a copy of the Agreement to Abide by Confidentiality Agreement attached as Exhibit A and return a signed copy to the Producing Party; and (b) counsel shall expressly caution such persons that the disclosure or use of Confidential Information except pursuant to the terms of this Confidentiality Agreement is prohibited.  It is not necessary for every staff member of a vendor to sign the Agreement to Abide by Confidentiality Agreement, but they will nonetheless be deemed bound by the vendor representative's execution of the Agreement to Abide by Confidentiality Agreement.

16.    At all times, the Parties must maintain and make available an updated list of all parties or entities to whom disclosures of Confidential Information has been made.  The list shall identify (a) the Confidential Information disclosed by Bates numbers or number range or other sufficiently definite description of the document or other tangible Discovery Material; (b) the date of the disclosure; (c) the party or entity to whom the disclosure was made; and (d) the reason for such disclosure.  Each Party will make this list available, upon request, to counsel for Producing Party within 48 hours of receipt of such request.  Notwithstanding this paragraph, a party need only disclose the identity of its non-testifying or consulting experts at the order of the Court for good cause shown.

17.    A party may use Confidential Information at any hearing or other pre-trial proceeding, although such use shall not result in such information losing its status as Confidential Information.  Counsel shall confer on such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any proceedings wherever practicable, and the Court may issue any orders in connection therewith.  For example, the Court may direct that attendance at those portions of the proceedings or access to the transcripts of those proceedings in which Confidential Information is disclosed be restricted to Court personnel and

1  persons authorized to receive Confidential Information by this Confidentiality Agreement.  Use of

2  Confidential Information or at trial shall be addressed in the final pre-trial order.

3        18.      Confidential Information may be filed with the Clerk in connection with motions to

4  dismiss, motions relating to discovery, motions for summary judgment, or other matters pending

5  before the Court.  Unless a party obtains the written consent of another party to file Confidential

6  Information in the public record, a party filing Confidential Information must file it under seal in

7  accordance with the procedures set forth in the Local Rules.

8        19.      Nothing herein shall prevent disclosure beyond the terms of this Confidentiality

9  Agreement if counsel for the Producing Party consents in writing or on record to such disclosure.

10  Any particular consent given under this Confidentiality Agreement with respect to confidentiality of

11  the particular document or information shall not be deemed a general waiver of any other

12  designation.

13        20.      The attorneys of record shall ensure that there is no unauthorized disclosure or use of

14  Confidential Information and are responsible for employing the necessary measures to control,

15  consistent with the terms of this Confidentiality Agreement, the duplication of, access to, and

16  distribution of, Confidential Information.

17        21.      This Confidentiality Agreement has no effect upon, and shall not apply to, the

18  Parties' use of their own Confidential Information, including Discovery Material designated as

19  "Confidential" for any purpose.   Nothing herein shall (a) prevent a Party from disclosing

20  Confidential Information to officers, directors, employees, agents, parent companies, investors, or

21  advisors, including investment bankers and accountants, of the Producing Party; or (b) impose any

22  restrictions on the use or disclosure by a Party of documents, materials, or information designated

23  "Confidential" if such documents, materials, or information was both lawfully obtained by and

24  lawfully retained in the possession of such Party independently of the discovery proceedings in this

25  Action.

26        22.      In the event additional persons or entities become Parties to the Action, none of such

27  parties' counsel, or experts or consultants retained to assist said counsel, shall have access to

28

1    Confidential Information produced by or obtained from any other producing person until said party

2    has executed its agreement to be fully bound by this Confidentiality Agreement.

3            23.    If, at any time, any Confidential Information in the possession, custody or control of

4    any person or party other than the Producing Party is subpoenaed or requested by any court,

5    administrative agency, legislative body or other person or entity, the person or party to whom the

6    subpoena or request is directed ("Receiver") shall promptly provide written notice to the Producing

7    Party who originally produced such Confidential Information, and the Receiver shall not take any

8    position concerning the propriety of such request or subpoena or the discoverability of the

9    information sought thereby that is adverse to such Producing Party's opposition to the request for

10   production of such Confidential Information.  The Receiver shall not produce any of the Producing

11   Party's Confidential Information until the Producing Party gives notice to the Receiver that the

12   Producing Party opposes production of its Confidential Information, and has had a reasonable

13   opportunity to object to the production.  Other than the obligation to comply with the requirements

14   stated herein, this Confidentiality Agreement is not intended to affect a party's obligation to respond

15   to such a subpoena or request.

16          24.    Entering into, agreeing to, producing, or receiving Confidential Information pursuant

17   to, and/or otherwise complying with the terms of, this Confidentiality Agreement, or the taking of

18   any action hereunder shall not

19                 a)    Constitute or operate as an admission by any Party that any particular

20                       document, material, testimony, or thing does or does not contain, reflect, or

21                       constitute a trade secret or any other type of Confidential Information;

22                 b)    Prejudice in any way the rights of any Party to object to the production of

23                       documents it considers not subject to discovery, or operate as an admission by

24                       any Party that the restrictions and procedures set forth herein constitute

25                       adequate protection for any particular information deemed by any Party to be

26                       Confidential Information;

27                 c)    Prejudice in any way the rights of any Party to object to the relevancy,

28                       authenticity, or admissibility into evidence of any document, material,

testimony, or thing subject to this Confidentiality Agreement, or otherwise constitute or operate as an admission by any Party that any particular document, material, testimony, or thing is or is not relevant, authentic, or admissible into evidence at any deposition, if depositions occur in the case, at trial, or in a hearing;

d)   Prejudice in any way the rights of a Party to seek a determination by the Court whether any Discovery Material or Confidential Information should be subject to the terms of this Confidentiality Agreement;

e)   Prejudice in any way the rights of a Party to petition the Court for a further protective order relating to any purportedly Confidential Information; and/or

f)   Prevent the Parties to this Confidentiality Agreement from agreeing, in writing, to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

25.   The provisions of this Confidentiality Agreement shall continue to be binding after this Action is finally resolved.  Within thirty (30) calendar days after settlement or final judgment of this Action in full as between all of the parties to this Action, including the time for filing and resolution of all appeals, or such other period as the parties agree upon, each party shall either (a) return to the Producing Party at the expense of the Producing Party, or (b) destroy (and certify in writing such destruction to the Producing Party) all documents, objects and other materials produced or designated as Confidential Information under this Confidentiality Agreement, and each party shall destroy in whatever form, stored or reproduced, all other documents, objects and other materials that contain Confidential Information.   If this Action is resolved as to certain of the defendants, or plaintiffs, but not as to certain other of the defendants, or plaintiffs, then this Action will not be considered to be finally resolved for purposes of this paragraph.   Notwithstanding the foregoing, counsel of record may retain copies of briefs and other papers filed with the Court, deposition transcripts and exhibits, attorney work-product, and counsel's file copies of papers prepared in connection with this Action that contain or constitute Confidential Information, counsel's e-mail files that reference or attach Confidential Information, so long as such briefs, e-mail files, and other

1  papers are maintained in confidence in accordance with the provisions of this Confidentiality

2  Agreement.

3       26.    The Parties and counsel for the Parties acknowledge that they have reviewed this

4  Confidentiality Agreement and are bound by the provisions herein.

5       27.    The Parties agree to be bound by the terms of this Confidentiality Agreement pending

6  the approval of the Confidentiality Agreement by the Court, or an alternative thereto that is

7  satisfactory to all Parties, and violation of its terms shall be subject to the same sanctions and

8  penalties, as if this Confidentiality Agreement had been approved by the Court.  This Confidentiality

9  Agreement shall apply to the exchange of documents or information in this Action, as well as the

10  exchange of documents and information by and among plaintiff and defendants pursuant to any

11  requests for documents and/or information pre-dating the authorization of discovery in this Action.

12       28.    Violation by any person of any term of this Confidentiality Agreement shall be

13  punishable as a contempt of court to the fullest extent provided for by law.  The Parties understand

14  and agree that, should there be a breach of this Confidentiality Agreement, money damages caused

15  by the breach may be difficult to determine.  Therefore, the Parties hereby consent to the jurisdiction

16  of this Court, and that the relief available to the non-breaching party shall include, but not be limited

17  to temporary, preliminary or permanent injunctive relief.  No provision of this Confidentiality

18  Agreement shall require any person, corporation, or other entity not a Party to this Action to respond

19  to any discovery request, except as may otherwise be required by law.

20       29.    This Confidentiality Agreement may be executed in any number of counterparts and

21  by each of the different parties on several counterparts, each of which when so executed and

22  delivered will be an original.  The executed signature page(s) from each counterpart may be joined

23  together and attached and will constitute one and the same instrument.  Signature pages transmitted

24  via PDF or facsimile will be treated as originals.

25  / / /

26  / / /

27  / / /

28  / / /

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2    /s/ Melissa M. Harnett                          /s/ Jeffrey F. Keller
     Melissa M. Harnett                              Jeffrey F. Keller
3    WASSERMAN, COMDEN, CASSELMAN                     KELLER GROVER LLP
     & ESENSTEIN, L.L.P.                              Counsel for Plaintiffs
4    Counsel for Plaintiffs

5    /s/ Nickolas A. Kacprowski
     Elizabeth L. Deeley[1]
6    Nickolas A. Kacprowski
     Adam W. Holbrook
7    KIRKLAND & ELLIS LLP
     Counsel for 24 Hour Fitness USA, Inc.
8

9

10   PURSUANT TO STIPULATION, IT IS SO ORDERED.

11

12   Dated:    9/6/2011

13

14

15

16

17

18

19

20

21

22

23

24

25   ─────────────────────

26   [1] **ATTESTATION PURSUANT TO GENERAL ORDER 45**
     I, Kathleen R. Scanlan, am the ECF user whose ID and password are being used to file this STIPULATED
27   PROTECTIVE ORDER.  In compliance with General Order 45, X.B., I hereby attest that the following attorneys have
     concurred in this filing: Elizabeth L. Deeley and Nickolas A. Kacprowski, Counsel for 24 Hour Fitness USA, Inc.
28
                                                              /s/ Kathleen R. Scanlan

─────────────────────────────────────────────────────────────────

## EXHIBIT A

## AGREEMENT TO ABIDE BY CONFIDENTIALITY AGREEMENT

I, _____ , hereby acknowledge that I have received a copy of and have read the Stipulated Confidentiality Agreement and Protective Order ("Confidentiality Agreement") dated _____ in connection with *Alatorre v. 24 Hour Fitness, USA, Inc.*, Northern District of California Case No. 3:11-cv-04318.  I hereby agree to comply with and be bound by the terms and conditions of said Agreement.  I hereby submit to the jurisdiction of the United States District Court for the Northern District of California in this case for the purpose of enforcement of this Agreement to Abide by Confidentiality Agreement and the Confidentiality Agreement.

I understand I am to retain all copies of any information, document, material, item, or thing designated as "CONFIDENTIAL" in a secure manner, and that all copies are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon the copies and any writings prepared by me containing any information, document, material, item or thing designated as "CONFIDENTIAL" are to be returned to counsel who provided me with such materials.

I will not disclose or divulge any information, document, material, item or thing designated as "CONFIDENTIAL" to persons other than those specifically authorized by said Agreement and only with authorization of the Designating Party.  I will not copy or use any information, document, material, item or thing designated as "CONFIDENTIAL" except solely for the purposes of this litigation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____ 2011___ in _____.

_____