MELISSA MEEKER HARNETT (Bar No. 164309)
mharnett@wccelaw.com
ROBERT L. ESENSTEN (Bar No. 65728)
resensten@wccelaw.com
JORDAN S. ESENSTEN (Bar No. 264645)
jesensten@wccelaw.com
**WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.**
5567 Reseda Boulevard, Suite 330
Post Office Box 7033
Tarzana, California 91357-7033
Telephone: (818) 705-6800 • (323) 872-0995
Facsimile:  (818) 996-8266

JEFFREY F. KELLER (Bar No. 148005)
jkeller@kellergrover.com
KATHLEEN R. SCANLAN (Bar No 197529)
kscanlan@kellergrover.com
**KELLER GROVER LLP**
1965 Market Street
San Francisco, California  94103
Telephone: (415) 543-1305
Facsimile: (415) 543-7861

Attorneys for Plaintiff, ALBERT ALATORRE AND ON
BEHALF OF ALL OTHERS SIMILARLY SITUATED

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT ALATORRE, an individual, and on Behalf of all Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>24 HOUR FITNESS USA, INC.,<br><br>Defendant. | CASE NO. 3:11-cv-4318 JCS<br><br>**CLASS ACTION**<br><br>**[PROPOSED] FINAL ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF SETTLEMENT**<br><br>Date:     March 16, 2012<br>Time:    9:30 a.m.<br>Crtrm.:   G<br>Judge:    Honorable Joseph C. Spero |

On March 16, 2012, the Court held a Fairness Hearing for Final Approval of Settlement, pursuant to the Court's November 23, 2011 Order Granting Preliminary Approval of Class Settlement and Setting Schedule for Final Approval ("Preliminary Approval Order"). Plaintiff Albert Alatorre filed a Motion for Preliminary Approval of Class Action Settlement Agreement on September 6, 2011. The Parties filed a Joint Supplemental Brief in Support of Preliminary Approval on November 9, 2011. Plaintiff filed a Motion for Final Approval of Settlement with a supporting Memorandum of Points and Authorities, and declarations, on February 29, 2012.

Having fully reviewed and considered the Settlement Agreement and all submissions, written and oral, the Court finds that the Settlement Agreement is fair, reasonable, and adequate. The Motion for Final Approval of the Settlement Agreement is thus **GRANTED**.

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Capitalized terms in bold type used in this order shall have the same meaning as set forth in the **Settlement Agreement**.

2. This Court has jurisdiction over the subject matter of this litigation and over all Parties to this litigation, including Plaintiff and all **Settlement Class Members**.

3. The Court finds that the **Settlement Agreement** was arrived at in good faith, without collusion, following extensive arms' length negotiations by counsel for the Parties.

4. The Court finds that the Settlement Agreement provides valuable benefits to the Settlement Class. The **Settlement** provides actual benefits to **Settlement Class Members** who previously had the **Charges at Issue** taken from their bank and credit card accounts after requesting cancellation of their **Unlimited Guest Privileges SPAs**. At the **Settlement Class Member's** election, each will receive either a $12.11 monetary payment or a certificate for a free three month gym membership. The Parties have presented evidence that the average amount charged after cancellation was $12.11. The Court finds that the $12.11 benefit option reimburses 100% of the average class member's actual out-of-pocket damages for the **Charges at Issue**.

5. As provided in the preliminary and final approval papers, the free three-month gym membership has a justifiable value of between $149.99 and $199.99.

6. This Court hereby finally approves the **Settlement** set forth in the **Settlement Agreement** and finds that the **Settlement** is, in all respects, fair, adequate and reasonable and directs the parties to effectuate the **Settlement** according to its terms.

7. The **Settlement Class** preliminarily certified on November 23, 2011 is hereby finally certified, and defined as follows:

> all **Persons** who incurred **Charges at Issue** during the **Class Period**. Excluded from this **Settlement Class** are (1) **Persons** who did not pre-pay last month dues on their **Unlimited Guest Privileges SPA** and/or for whom **24 Hour**'s membership database file reflects a full refund or return of the **Charges at Issue**; (2) **Persons** who were and remain members of the certified settlement class in the matter of Weir v. 24 Hour Fitness USA, Inc., San Francisco Superior Ct. Case Number CGC- 05-438478; (3) **24 Hour**, its subsidiaries and affiliates, officers, directors, and employees; and (4) any judge to whom this matter is assigned, his or her court staff, and his or her immediate family.

8. Solely for the purposes of effectuating the **Settlement**, the Court hereby further finds as follows:

   a. Joinder of all **Settlement Class Members** in a single proceeding would be impracticable, if not impossible because of their numbers and dispersion;

   b. The **Class Representative** and **Class Counsel** have capably prosecuted the claims of the lawsuit;

   c. No conflict exists between the **Class Representative** or **Class Counsel** and the **Settlement Class**;

   d. The **Class Representative** and **Class Counsel** are adequate representatives for the **Settlement Class**;

   e. The **Class Representative's** claims are typical of the **Settlement Class**;

   f. The **Class Representative** is a member of the **Settlement Class** and has claims representative of the claims and defenses presented in this case;

   g. Commonality is satisfied in this case for settlement purposes as a number of common issues exist among **Settlement Class Members**;

       h. Common issues predominate over individual issues in the context of settlement; and

       i. Certification of an agreed-upon **Settlement Class** is a superior mechanism for resolving these claims.

9. The Court finds and concludes that the notice given to **Settlement Class Members** was materially implemented in accordance with the terms of Section 5 of the **Settlement Agreement** and Paragraph 7 of the Preliminary Approval Order and: (i) constituted the best notice practicable under the circumstances; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise **Settlement Class Members** of the **Settlement**, their rights to object to the **Settlement** and to appear at the Final Settlement Hearing, and of Plaintiff's request for reasonable attorneys' fees and costs; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (v) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law.  The Court further finds that notice of this **Settlement Agreement** has been timely given to the appropriate federal and state officials pursuant to 28 U.S.C. § 1715.  No class members objected to the **Settlement** nor objected to the award of reasonable attorneys' fees and costs to **Class Counsel**.  Four (4) class members opted out of the **Settlement**.

10. All **Settlement Class Members** who have not validly excluded themselves from the **Settlement Class** as set forth in the Preliminary Approval Order shall be bound by all determinations and judgments concerning the **Settlement Agreement** and the **Settlement** contemplated thereby.

11. The Court hereby dismisses on the merits and with prejudice the **Complaint** as to all **Settlement Class Members**, without fees or costs except as provided by the Court's Order granting attorneys' fees and costs and an incentive award.  The Persons identified in Exhibit A hereto, as having requested exclusion from the Class as of the deadline for opting out, shall not share in the benefits of the **Settlement**.  The Court dismisses without prejudice the claims of such

1. **Persons** who have properly and timely excluded themselves in full accordance with the procedures set forth in the Preliminary Approval Order.

12. The Court hereby finds that the distribution plan set forth in Paragraphs 2.1 through 2.3 of the **Settlement Agreement**, as elected by each **Settlement Class Member,** for payment of either twelve dollars and eleven cents ($12.11) or a **Three Month Club Access Certificate** for each **Charge at Issue**, fairly and adequately addresses settlement administration and ensures fair allocation of the elected payments amongst all members of the **Settlement Class**.

13. In accordance with the terms of the **Settlement Agreement**, the twelve dollars and eleven cents ($12.11) payments and **Three Month Club Access Certificates** shall be mailed to **Settlement Class Members** by the **Settlement Administrator** no later than thirty (30) business days after the **Effective Date** of the **Settlement**.

14. Defendant shall pay all costs associated with the implementation of the **Notice Plan** set forth in the **Settlement Agreement** and in this Court's Preliminary Approval Order as well as all costs associated with **Settlement** administration.

15. Upon the **Effective Date**, **24 Hour** and the **Representative Plaintiff**, individually and as class representative, and each **Settlement Class Member** who has not properly and timely excluded himself or herself from the **Settlement Class** shall be deemed to have, and by operation of the **Judgment** in this case shall have, fully, finally, and forever released, dismissed with prejudice, relinquished and discharged all **Released Claims**, including **Unknown Claims**, against the **Released Persons** ("Release"). This Release shall be binding upon any and all agents, representatives, attorneys, insurers, trustees, assigns, subrogees, heirs, and executors of each such **Representative Plaintiff** and **Settlement Class Member** and **24 Hour**.

   a. "**Released Persons**" means a) the **Representative Plaintiff**, b) **Settlement Class Members**, c) **24 Hour**, and d) past, present and future divisions; parents; subsidiaries; affiliates; predecessors; successors; shareholders; owners; and creditors of 24 Hour Fitness USA, Inc. For each of the **Released Persons** above, **Released Persons** also includes their respective agents; attorneys;

insurers; past, present and future divisions; parents; subsidiaries; affiliates; predecessors; successors; shareholders; owners; creditors; officers; directors; employees; trustees; representatives; administrators; fiduciaries; assigns; subrogees; executors; partners; and/or privies.

    b. "**Released Claims**" means all claims, including **Unknown Claims,** demands, obligations, causes of action and liabilities, of whatever kind, whether in law or equity, or of whatever legal theory, including breach of contract, unjust enrichment, untrue and misleading advertising, declaratory relief, and violations of the Racketeer Influenced Corrupt Organizations Act, the Electronic Funds Transfer Act, the Health Studio Services Act, the Consumer Legal Remedies Act, and the Unfair Competition Act, as well as violations of any other state or federal statutes, rules or regulations, common law, or any other bases for a cause of action that have been or could have been asserted based upon allegations made in any complaint or amended complaint filed in the **Litigation** concerning the **Charges at Issue** and/or (1) **24 Hour's** policy of charging, submitting for payment, or collecting the **Charges at Issue,** (2) **24 Hour's** method or practice of executing that policy, (3) **24 Hour's** authorization to submit **Charges at Issue** to its payment processors, including, but not limited to, LaSalle Bank National Association and Paymentech Merchant Services, Inc., or any other payment processor, (4) **24 Hour's** authorization or right to charge or collect **Charges at Issue,** (5) **24 Hour's** representations, warranties, or statements concerning **Charges at Issue,** or (6) **24 Hour's** cancellation and/or termination policies concerning the **Charges at Issue** applicable to its **Unlimited Guest Privileges SPAs.** The **Released Claims** also include any claim, causes of action, lawsuits, actions, administrative proceedings, and/or demands that **24 Hour** may have against any **Released Person** for the payment of the **Charges at Issue.** Under this ¶ 1.31, the **Settlement Class Members** do

not release any claims, causes of action, lawsuits, actions, administrative proceedings or demands that they may have for personal injury, including any available remedies ("Personal Injury Claims"). The **Representative Plaintiff** and **Settlement Class Members** expressly acknowledge and agree that nothing in this ¶ 1.31 shall confer upon the **Representative Plaintiff** or **Settlement Class Member** any right to bring any claim, cause of action, lawsuit, action, administrative proceeding or demand that they did not otherwise have the right to bring prior to execution of this **Agreement** or that they had otherwise or apart from this **Agreement** waived or released, including for injuries for which they assumed the risk.

16. If for any reason the **Settlement Agreement** becomes null and void before the **Effective Date** or before the **Judgment** becomes **Final** (including, without limitation, the exhaustion of any judicial review, or requests for judicial review from this **Order of Final Approval**), the operative complaint shall be the **Complaint** and the **Settling Parties** shall resume the **Litigation** as if no **Agreement** had been entered. In such event, the terms and provisions of the **Settlement Agreement** shall have no further force and effect with the exception of Paragraphs 12.1 and 12.7 of the **Settlement Agreement**.

17. The Court further Orders that the parties carry out the provisions of the **Agreement**.

18. Without in any way affecting the finality of this **Judgment**, this Court expressly retains exclusive and continuing jurisdiction as to all matters relating to the administration, consummation, and enforcement and interpretation of the **Settlement Agreement**, and of this Order, and for any other purposes, including but not limited to:

    a. enforcing the terms and conditions of the **Settlement Agreement** and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the **Settlement Agreement**, or the **Judgment**, including, without limitation, whether an **Individual** is or is not a **Settlement Class Member**;

     b. entering such additional orders as may be necessary or appropriate to project or effectuate the **Judgment** approving the **Settlement Agreement**, dismissing all claims with prejudice, and permanently enjoining **Settlement Class Members** from initiating or pursuing related proceedings, or to ensure the fair administration of this **Settlement,** including issuing orders upon application of the parties, to conduct any discovery that may be necessary to apply for the posting of an appeal bond if an appeal is filed by a Settlement Class Member; and

     c. resolving any disputes, claims or causes, and entering any additional orders relating to or arising out of the **Released Claims**, the timeliness and/or validity of any **Opt Out**, approval of any distribution to be made *cy pres*, and/or any **Claim Form** submitted for payment.

**IT IS SO ORDERED.**

DATED:   March 16  , 2012



_____
Honorable Joseph C. Spero
United States Magistrate Judge

# Exhibit A

| Class Member Name | Unlimited Guest Privileges SPA Number | Claimant ID |
|---|---|---|
| Elena Ephlin | IG92226 | 47267 |
| Dianne Fendler | FQ29233 | 2171 |
| Wendy Halingstad | FL78945 | 17447 |
| Peggy Latour | FZ14576 | 37292 |